FILED
November 04, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____BC_____
DEPUTY

SEALED

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACHARY WAYNE CROWELL, (1), and<br>BRANDON JAMES WAGGONER, (2) | CRIMINAL NO. **5:20-CR-0519-FB**<br><br>INDICTMENT<br><br>[Violations:<br>**Counts 1-6**: Bank Fraud, 18 U.S.C. §§ 1344 and 2;<br>**Counts 7-11**: Mail Theft, 18 U.S.C. § 1708;<br>**Counts 12-15**: Access Device Fraud, 18 U.S.C. § 1029;<br>**Counts 16-17**: Aggravated Identity Theft, 18 U.S.C. § 1028A;<br>**Count 18**: 18 U.S.C. § 922(a)(6); False Statements in Acquisition of Firearms,<br>**Count 19**: 18 U.S.C. § 922(g)(1), Felon in Possession.]<br>**Forfeiture** |

THE GRAND JURY CHARGES:

### COUNTS ONE THROUGH SIX
### [18 U.S.C. §§ 1344 & 2]

From on or about January 1, 2019, and continuing until on or about August 13, 2019, in the Western District of Texas, the Defendants,

ZACHARY WAYNE CROWELL, (1), and
BRANDON JAMES WAGGONER, (2),

aided and abetted by each other, and by others known and unknown to the Grand Jury, knowingly and willfully devised a scheme to defraud Chase Bank, N.A., (hereinafter "Chase"), the deposits of which were insured by the Federal Deposit Insurance Corporation, and Randolph Brooks Federal Credit Union, (hereinafter "RBFCU") the deposits of which were insured by the National Credit Union Share Insurance Fund.

## THE SCHEME TO DEFRAUD

It was a part of the scheme to defraud that the Defendants, and others aiding and abetting them, broke into mailboxes and stole both outgoing and incoming U.S. mail including but not limited to checks.

It was further a part of the scheme that the Defendants, and others aiding and abetting them, altered the payee name on checks to be that of one of the Defendants.

It was further a part of the scheme that one of the Defendants would deposit the altered check into his financial institution account.

It was further a part of the scheme that a Defendant would then utilize the funds credited to his account.

## THE EXECUTIONS OF THE SCHEME

On or about the dates listed below, for the counts listed below, the Defendant listed below, aided and abetted by the other Defendant, knowingly and willfully executed the scheme by depositing the check listed below in the financial institution listed below in the amount listed below.

| COUNT | DATE | DEFENDANT | CHECK # | INSTITUTION | AMOUNT |
|---|---|---|---|---|---|
| One | 6/12/2019 | CROWELL, (1) | 1424 | RBFCU | $3,000.00 |
| Two | 6/29/2019 | WAGGONER, (2) | 25023 | RBFCU | $1,024.90 |
| Three | 6/24/2019 | CROWELL, (1) | 2719 | RBFCU | $2,000.00 |
| Four | 7/16/2019 | WAGGONER, (2) | 068042 | RBFCU | $4,992.00 |
| Five | 7/24/2019 | CROWELL, (1) | 22936 | CHASE | $1,000.00 |
| Six | 7/29/2019 | CROWELL, (1) | 067840 | CHASE | $4,247.70 |

All in violation of Title 18, United States Code, §§ 1344 and 2.

## COUNT SEVEN
[18 U.S.C. § 1708]

On or about August 6, 2019, in the Western District of Texas, the defendant,

ZACHARY WAYNE CROWELL, (1),

did unlawfully have in his possession mail which had been stolen, taken, embezzled and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing the said to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## COUNT EIGHT
[18 U.S.C. § 1708]

On or about August 6, 2019, in the Western District of Texas, the defendant,

BRANDON JAMES WAGGONER, (2),

did unlawfully have in his possession mail which had been stolen, taken, embezzled and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing the said to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## COUNT NINE
[18 U.S.C. § 1708]

On or about September 17, 2019, in the Western District of Texas, the defendant,

ZACHARY WAYNE CROWELL, (1)

did unlawfully have in his possession mail which had been stolen, taken, embezzled and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing

the said to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

**COUNT TEN**
**[18 U.S.C. § 1708]**

On or about October 3, 2019, in the Western District of Texas, the defendant,

ZACHARY WAYNE CROWELL,(1),

did unlawfully have in his possession mail which had been stolen, taken, embezzled and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing the said to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

**COUNT ELEVEN**
**[18 U.S.C. § 1708]**

On or about October 21, 2020, in the Western District of Texas, the defendant,

ZACHARY WAYNE CROWELL, (1),

did unlawfully have in his possession mail which had been stolen, taken, embezzled and abstracted from a mail receptacle which was an authorized depository for mail matter, knowing the said to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## COUNT TWELVE
### [18 U.S.C. § 1029]

On or about August 6, 2019, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1),

knowingly and with intent to defraud, possessed over 15 unauthorized access devices, to wit: social security cards, checks, credit cards, and identification documents, said possession affecting interstate and foreign commerce, in that the unauthorized access devices had been transported through the United States Mail.

In violation of Title 18, United States Code, §§ 1029(a)(3) and (c)(1)(a)(i).

## COUNT THIRTEEN
### [18 U.S.C. § 1029]

On or about August 6, 2019, in the Western District of Texas, the Defendant,

BRANDON JAMES WAGGONER, (1),

knowingly and with intent to defraud, possessed over 15 unauthorized access devices, to wit: social security cards, checks, credit cards, and identification documents, said possession affecting interstate and foreign commerce, in that the unauthorized access devices had been transported through the United States Mail.

In violation of Title 18, United States Code, §§ 1029(a)(3) and (c)(1)(a)(i).

## COUNT FOURTEEN
### [18 U.S.C. § 1029]

On or about September 8, 2019, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1),

knowingly and with intent to defraud, used an unauthorized access device, to wit: a Visa credit card issued by Wells Fargo Bank, with an account number ending in 6606, and by such conduct between September 8, 2019, and September 17, 2019, purchased merchandise and other goods in

the aggregate amount of $1,870.31, said use affecting interstate and foreign commerce in that the Visa credit card and the merchandise and other goods had travelled in interstate and foreign commerce.

In violation of Title 18, United States Code, §§ 1029(a)(2) and (c)(1)(B).

## COUNT FIFTEEN
## [18 U.S.C. § 1029]

On or about September 17, 2019, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1),

knowingly and with intent to defraud, possessed over 15 unauthorized access devices, to wit: personal and business checks, credit cards, debit cards, U.S. passports, drivers licenses, and identification documents, said possession affecting interstate and foreign commerce, in that the unauthorized access devices had been transported through the United States Mail.

In violation of Title 18, United States Code, §§ 1029(a)(3) and (c)(1)(a)(i).

## COUNT SIXTEEN
## [18 U.S.C. § 1028A]

On or about September 8, 2019, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1)

did knowingly possess, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, § 1028A(c), to wit: Access Device Fraud in violation of Title 18, United States Code, § 1029(a)(2), knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, § 1028A(a)(1).

## COUNT SEVENTEEN
[18 U.S.C. § 1028A]

On or about August 24, 2020, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1),

did knowingly possess, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, § 1028A(c), to wit: false statements in connection with the acquisition of firearms in violation of Title 18, United States Code, § 922(a)(6), knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, § 1028A(a)(1).

## COUNT EIGHTEEN
[18 U.S.C. § 922(a)(6)]

On or about August 24, 2020, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1),

in connection with the acquisition of a firearm, to wit: a S&W M&P Shield .40cal handgun, from Academy Sports and Outdoors Store 25, a licensed dealer of firearms knowingly furnished and exhibited a false, fictitious, and misrepresented identification to which identification was intended and likely to deceive Academy Sports and Outdoors Store 25 as to a fact material to the lawfulness of such acquisition of the said firearm to the Defendant under chapter 44 of Title 18, in that the defendant represented himself to be a person known to the Grand Jury but identified herein only as G.M.C.

In violation of Title 18, United States Code, §§ 922(a)(6) and 924(a)(2).

## COUNT NINETEEN
**[18 U.S.C. § 922(g)(1)]**

On or about August 24, 2020, in the Western District of Texas, the Defendant,

ZACHARY WAYNE CROWELL, (1),

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm, to wit: a S&W M&P Shield .40cal handgun, serial number JFE6296, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, §§ 922(g)(1) and 924(a)(2).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Bank Fraud Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1344 subject to forfeiture pursuant to
Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B)]**

As a result of the foregoing criminal violations set forth in Counts One through Six, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 982(a)(2)(A), which state:

**Title 18 U.S.C. § 982. Criminal forfeiture**
\* \* \*
(a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
\* \* \*
(A) section . . . 1344 . . . of this title,
\* \* \*
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

## II.
### Mail Theft Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1708, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the foregoing criminal violations set forth in Counts Seven through Eleven, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
> (a) (1) The following property is subject to forfeiture to the United States:
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Title 18 U.S.C. § 1708 Mail Theft is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

## III.
### Access Device Fraud Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1029 subject to forfeiture pursuant to Title 18 U.S.C. §§ 1029(c)(1) & (2) and 982(a)(2)(B)]**

As a result of the foregoing criminal violations set forth in Counts Twelve through Fifteen, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 1029(c)(1) & (2) and 982(a)(2)(B), which state:

> **Title 18 U.S.C. § 1029**
> * * *
> **(c) Penalties.—**
> **(1) Generally.** — The punishment for an offense under subsection (a) of this section is—
> * * *
> (C) in either case, forfeiture to the United States of any personal property used or intended to be used to commit the offense.
> **(2) Forfeiture proceedings.**—The forfeiture of property under this section, including

any seizure and disposition of the property and any related administrative and judicial proceeding, shall be governed by section 413 of the Controlled Substances Act . . . .

**Title 18 U.S.C. § 982. Criminal forfeiture**
\* \* \*

(a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
\* \* \*

(B) section . . . 1029 . . . of this title,
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

## IV.
### Identity Theft Violations and Forfeiture Statutes
[Title 18 U.S.C. § 1028A subject to forfeiture pursuant to
Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B)]

As a result of the foregoing criminal violations set forth in Counts Sixteen through Seventeen, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 1028(b)(5) and 982(a)(2)(B), which state:

**Title 18 U.S.C. § 1028 Fraud and related activity in connection with identification document, authentication features and information**
\* \* \*

(b) The punishment for an offense under subsection (a) of this section is—
\* \* \*

(5) in the case of any offense under subsection (a), forfeiture to the United State of any personal property used or intended to be used to commit the offense; and...

**Title 18 U.S.C. § 982. Criminal forfeiture**
\* \* \*

(a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
\* \* \*

(B) section . . . 1028 . . . of this title,
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

## V.
### Firearm Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(a)(6) and (g)(1), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts Eighteen through Nineteen, the United States of America gives notice to the Defendant ZACHARY WAYNE CROWELL of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 924. Penalties**

> (d)(I) Any firearm or ammunition involved in or used in any knowing violation of subsection . . .(a)(6) . . . (g) . . . or any violation of any other criminal law of the United States . . . shall be subject to seizure and forfeiture .
> . . .

This Notice of Demand for Forfeiture includes, but is not limited to, the following property.

1. Smith &Wesson M&P Shield .40cal handgun, serial number JFE6296; and
2. Any and all firearms, ammunition, and/or firearm accessories involved in or used in the commission of the criminal offense(s).

A TRUE BILL

FOREPERSON

GREGG N. SOFER
United States Attorney

WILLIAM HARRIS
Digitally signed by WILLIAM HARRIS
Date: 2020.11.02 15:15:14 -06'00'

WILLIAM R. HARRIS
Assistant United States Attorney